HENNIGAN, BENNETT & DORMAN LLP
**RODERICK G. DORMAN (SBN 96908)**
dormanr@hbdlawyers.com
**ALAN P. BLOCK (SBN 143783)**
blocka@hbdlawyers.com
**MARC MORRIS (SBN 183728)**
morrism@hbdlawyers.com
**KEVIN SHENKMAN (SBN 223315)**
shenkmank@hbdlawyers.com
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone: (213) 694-1200
Facsimile:  (213) 694-1234

Attorneys for Plaintiff,
SPEEDTRACK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C 07 3602

| | |
|---|---|
| SPEEDTRACK, INC.,<br><br>            Plaintiff,<br><br>     vs.<br><br>OFFICE DEPOT, INC.; CDW CORPORATION; NEWEGG.COM; CIRCUIT CITY STORES, INC.; PC CONNECTION, INC.; COMPUSA, INC.<br><br>            Defendants. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT, PERMANENT INJUNCTION, AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

For its complaint against Defendants Office Depot, Inc. ("Office Depot"); CDW Corporation ("CDW"); Newegg.Com ("Newegg"); Circuit City Stores, Inc. ("Circuit City"); PC Connection, Inc. ("PC Connection"); and CompUSA, Inc. ("CompUSA") (hereinafter collectively "Defendants"), Plaintiff SpeedTrack, Inc. ("SpeedTrack") alleges as follows:

## JURISDICTION AND VENUE

1.  This is a civil action arising in part under laws of the United States relating to patents (35 U.S.C. §§ 271, 281, 283, 284, and 285). This court has federal jurisdiction of such federal question claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2.  Personal jurisdiction as to each defendant is proper in the State of California and in this judicial district. Each defendant operates an interactive Internet website in which each defendant conducts substantial amounts of commerce by selling goods within this State and within this judicial district, thereby making each defendants' Internet business contacts with this State and with this judicial district substantial, continuous, and systematic. The acts and transactions complained of herein were intentionally carried out by each defendant on an interactive website directed to persons residing in this State and judicial district and thus were made effective and had harmful effect within this State and within this district. Defendants Office Depot, Circuit City, and CompUSA each have regular and established places of business in this State and in this judicial district.

3.  Venue is proper under 28 U.S.C. §§ 1391(b) and 1400(b), in that each Defendant resides in this judicial district pursuant to 28 U.S.C. § 1391(c) and in that each Defendant has committed acts of infringement in this judicial district.

## THE PARTIES

4.  Plaintiff SpeedTrack, Inc. is a corporation duly organized and existing under the laws of the State of California, with its principal place of business at 19713 Yorba Linda Blvd., #197, Yorba Linda, California 92886. SpeedTrack is the owner by assignment of all rights and interests in U.S. Patent No. 5,544,360 ("the '360 patent").

5.  Defendant Office Depot is a corporation duly organized and existing under the laws of the State of Delaware, with a principal place of business at 2200 Old Germantown Road, Delray

1 Beach, Florida 33445.

2  6. Defendant CDW is a corporation duly organized and existing under the laws of the State of Illinois, with a principal place of business at 200 N. Milwaukee Avenue, Vernon Hills, Illinois 60061.

 7. Defendant Newegg is a corporation duly organized and existing under the laws of the State of Delaware, with a principal place of business at 16839 E. Gale Avenue, City of Industry, CA 91745.

 8. Defendant Circuit City is a corporation duly organized and existing under the laws of the State of Virginia, with a principal place of business at 9950 Maryland Drive, Richmond, VA 23233.

 9. Defendant PC Connection is a corporation duly organized and existing under the laws of the State of Delaware, with a principal place of business at Rt. 101A, 730 Milford Road, Merrimack, NH 03054.

 10. Defendant CompUSA is a corporation duly organized and existing under the laws of the State of Delaware, with a principal place of business at 14951 N. Dallas Parkway, Dallas, TX 75254.

**SPEEDTRACK'S U.S. PATENT NO. 5,544,360**

 11. On August 6, 1996, the United States Patent and Trademark Office duly and legally issued United States Letters Patent No. 5,544,360, entitled "METHOD FOR ACCESSING COMPUTER FILES AND DATA, USING LINKED CATEGORIES ASSIGNED TO EACH DATA FILE RECORD ON ENTRY OF THE DATA FILE RECORD," for inventions comprising systems and methods for accessing information in a data storage system. Plaintiff SpeedTrack is the owner by assignment of the entire right, title, and interest in and to the '360 patent. (A true and correct copy of the '360 patent is attached hereto as Exhibit 1).

**FIRST CLAIM FOR RELIEF**
**Against Defendant Office Depot**

**INFRINGEMENT OF U.S. PATENT NO. 5,544,360**

 12. Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1-11 of this Complaint as though fully set forth herein.

13. Defendant Office Depot has been and still is directly infringing the '360 patent under 35 U.S.C. § 271(a) by advertising, using, selling, and/or otherwise providing websites on the Internet, such as under the URL www.officedepot.com, which permit visitors to the websites to search for products available for sale by selecting pre-defined categories descriptive of the products. Upon information and belief, Office Depot utilizes, among other things, software provided by Endeca Technologies, Inc. ("Endeca"), referred to by Endeca as the "Endeca Information Access Platform," to provide this searching functionality.

14. Upon information and belief, Defendant Office Depot has been and still is indirectly infringing the '360 patent under 35 U.S.C. § 271(b) by actively inducing others, including, but not limited to, visitors to its websites who search for products available for sale on the website by selecting pre-defined categories descriptive of the products.

15. Upon information and belief, Defendant Office Depot has been and still is indirectly infringing the '360 patent under 35 U.S.C. § 271(c) by providing, to visitors to its websites, software for use in practicing the patented process(es) of the '360 patent and constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of the '360 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

16. On information and belief, Defendant Office Depot will continue to infringe the '360 Patent unless enjoined by this Court.

17. On December 20, 2006, Plaintiff sent written notice of the '360 patent and notice of Plaintiff's infringement allegation to Defendant Office Depot.

18. Upon information and belief, Defendant Office Depot's foregoing acts of infringement were and continue to be willful.

19. As a result of Defendant Office Depot's infringement, Plaintiff SpeedTrack has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendant Office Depot's infringing activities are enjoined by this Court.

20. Unless a preliminary and permanent injunction are issued enjoining Defendant Office Depot and its agents, servants, employees, attorneys, representatives, and all others acting on its

behalf from infringing the '360 patent, Plaintiff will be greatly and irreparably harmed.

## SECOND CLAIM FOR RELIEF
### Against Defendant CDW

### INFRINGEMENT OF U.S. PATENT NO. 5,544,360

21. Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1-11 of this Complaint as though fully set forth herein.

22. Defendant CDW has been and still is directly infringing the '360 patent under 35 U.S.C. § 271(a) by advertising, using, selling, and/or otherwise providing websites on the Internet, such as under the URL www.cdw.com, which permit visitors to the websites to search for products available for sale by selecting pre-defined categories descriptive of the products. Upon information and belief, CDW utilizes, among other things, the "Endeca Information Access Platform," to provide this searching functionality.

23. Upon information and belief, Defendant CDW has been and still is indirectly infringing the '360 patent under 35 U.S.C. § 271(b) by actively inducing others, including, but not limited to, visitors to its websites who search for products available for sale on the website by selecting pre-defined categories descriptive of the products.

24. Upon information and belief, Defendant CDW has been and still is indirectly infringing the '360 patent under 35 U.S.C. § 271(c) by providing, to visitors to its websites, software for use in practicing the patented process(es) of the '360 patent and constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of the '360 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

25. On information and belief, Defendant CDW will continue to infringe the '360 Patent unless enjoined by this Court.

26. On December 20, 2006, Plaintiff sent written notice of the '360 patent and notice of Plaintiff's infringement allegation to Defendant CDW.

27. Upon information and belief, Defendant CDW's foregoing acts of infringement were and continue to be willful.

28. As a result of Defendant CDW's infringement, Plaintiff SpeedTrack has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendant CDW's infringing activities are enjoined by this Court.

29. Unless a preliminary and permanent injunction are issued enjoining Defendant CDW and its agents, servants, employees, attorneys, representatives, and all others acting on its behalf from infringing the '360 patent, Plaintiff will be greatly and irreparably harmed.

### THIRD CLAIM FOR RELIEF
#### Against Defendant Newegg

### INFRINGEMENT OF U.S. PATENT NO. 5,544,360

30. Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1-11 of this Complaint as though fully set forth herein.

31. Defendant Newegg has been and still is directly infringing the '360 patent under 35 U.S.C. § 271(a) by advertising, using, selling, and/or otherwise providing websites on the Internet, such as under the URL www.newegg.com, which permit visitors to the websites to search for products available for sale by selecting pre-defined categories descriptive of the products. Upon information and belief, Newegg utilizes, among other things, the "Endeca Information Access Platform," to provide this searching functionality.

32. Upon information and belief, Defendant Newegg has been and still is indirectly infringing the '360 patent under 35 U.S.C. § 271(b) by actively inducing others, including, but not limited to, visitors to its websites who search for products available for sale on the website by selecting pre-defined categories descriptive of the products.

33. Upon information and belief, Defendant Newegg has been and still is indirectly infringing the '360 patent under 35 U.S.C. § 271(c) by providing, to visitors to its websites, software for use in practicing the patented process(es) of the '360 patent and constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of the '360 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

34.     On information and belief, Defendant Newegg will continue to infringe the '360 Patent unless enjoined by this Court.

35.     On December 20, 2006, Plaintiff sent written notice of the '360 patent and notice of Plaintiff's infringement allegation to Defendant Newegg.

36.     Upon information and belief, Defendant Newegg's foregoing acts of infringement were and continue to be willful.

37.     As a result of Defendant Newegg's infringement, Plaintiff SpeedTrack has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendant Newegg's infringing activities are enjoined by this Court.

38.     Unless a preliminary and permanent injunction are issued enjoining Defendant Newegg and its agents, servants, employees, attorneys, representatives, and all others acting on its behalf from infringing the '360 patent, Plaintiff will be greatly and irreparably harmed.

### FOURTH CLAIM FOR RELIEF
### Against Defendant Circuit City

### INFRINGEMENT OF U.S. PATENT NO. 5,544,360

39.     Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1-11 of this Complaint as though fully set forth herein.

40.     Defendant Circuit City has been and still is directly infringing the '360 patent under 35 U.S.C. § 271(a) by advertising, using, selling, and/or otherwise providing websites on the Internet, such as under the URL www.circuitcity.com, which permit visitors to the websites to search for products available for sale by selecting pre-defined categories descriptive of the products. Upon information and belief, Circuit City utilizes, among other things, the "Endeca Information Access Platform," to provide this searching functionality.

41.     Upon information and belief, Defendant Circuit City has been and still is indirectly infringing the '360 patent under 35 U.S.C. § 271(b) by actively inducing others, including, but not limited to, visitors to its websites who search for products available for sale on the website by selecting pre-defined categories descriptive of the products.

42. Upon information and belief, Defendant Circuit City has been and still is indirectly infringing the '360 patent under 35 U.S.C. § 271(c) by providing, to visitors to its websites, software for use in practicing the patented process(es) of the '360 patent and constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of the '360 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

43. On information and belief, Defendant Circuit City will continue to infringe the '360 Patent unless enjoined by this Court.

44. On December 20, 2006, Plaintiff sent written notice of the '360 patent and notice of Plaintiff's infringement allegation to Defendant Circuit City.

45. Upon information and belief, Defendant Circuit City's foregoing acts of infringement were and continue to be willful.

46. As a result of Defendant Circuit City's infringement, Plaintiff SpeedTrack has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendant Circuit City's infringing activities are enjoined by this Court.

47. Unless a preliminary and permanent injunction are issued enjoining Defendant Circuit City and its agents, servants, employees, attorneys, representatives, and all others acting on its behalf from infringing the '360 patent, Plaintiff will be greatly and irreparably harmed.

### FIFTH CLAIM FOR RELIEF
**Against Defendant PC Connection**

### INFRINGEMENT OF U.S. PATENT NO. 5,544,360

48. Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1-11 of this Complaint as though fully set forth herein.

49. Defendant PC Connection has been and still is directly infringing the '360 patent under 35 U.S.C. § 271(a) by advertising, using, selling, and/or otherwise providing websites on the Internet, such as under the URL www.pcconnection.com, which permit visitors to the websites to search for products available for sale by selecting pre-defined categories descriptive of the products. Upon information and belief, PC Connection utilizes, among other things, the "Endeca Information

Access Platform," to provide this searching functionality.

50. Upon information and belief, Defendant PC Connection has been and still is indirectly infringing the '360 patent under 35 U.S.C. § 271(b) by actively inducing others, including, but not limited to, visitors to its websites who search for products available for sale on the website by selecting pre-defined categories descriptive of the products.

51. Upon information and belief, Defendant PC Connection has been and still is indirectly infringing the '360 patent under 35 U.S.C. § 271(c) by providing, to visitors to its websites, software for use in practicing the patented process(es) of the '360 patent and constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of the '360 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

52. On information and belief, Defendant PC Connection will continue to infringe the '360 Patent unless enjoined by this Court.

53. On December 20, 2006, Plaintiff sent written notice of the '360 patent and notice of Plaintiff's infringement allegation to Defendant PC Connection.

54. Upon information and belief, Defendant PC Connection's foregoing acts of infringement were and continue to be willful.

55. As a result of Defendant PC Connection's infringement, Plaintiff SpeedTrack has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendant PC Connection's infringing activities are enjoined by this Court.

56. Unless a preliminary and permanent injunction are issued enjoining Defendant PC Connection and its agents, servants, employees, attorneys, representatives, and all others acting on its behalf from infringing the '360 patent, Plaintiff will be greatly and irreparably harmed.

### SIXTH CLAIM FOR RELIEF
**Against Defendant CompUSA**

### INFRINGEMENT OF U.S. PATENT NO. 5,544,360

57. Plaintiff incorporates herein by reference the allegations set forth in paragraphs 1-11 of this Complaint as though fully set forth herein.

58.     Defendant CompUSA has been and still is directly infringing the '360 patent under 35 U.S.C. § 271(a) by advertising, using, selling, and/or otherwise providing websites on the Internet, such as under the URL www.compusa.com, which permit visitors to the websites to search for products available for sale by selecting pre-defined categories descriptive of the products. Upon information and belief, CompUSA utilizes, among other things, the "Endeca Information Access Platform," to provide this searching functionality.

59.     Upon information and belief, Defendant CompUSA has been and still is indirectly infringing the '360 patent under 35 U.S.C. § 271(b) by actively inducing others, including, but not limited to, visitors to its websites who search for products available for sale on the website by selecting pre-defined categories descriptive of the products.

60. Upon information and belief, Defendant CompUSA has been and still is indirectly infringing the '360 patent under 35 U.S.C. § 271(c) by providing, to visitors to its websites, software for use in practicing the patented process(es) of the '360 patent and constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of the '360 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

61.     On information and belief, Defendant CompUSA will continue to infringe the '360 Patent unless enjoined by this Court.

62.     On December 20, 2006, Plaintiff sent written notice of the '360 patent and notice of Plaintiff's infringement allegation to Defendant CompUSA.

63.     Upon information and belief, Defendant CompUSA's foregoing acts of infringement were and continue to be willful.

64.     As a result of Defendant CompUSA's infringement, Plaintiff SpeedTrack has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendant CompUSA's infringing activities are enjoined by this Court.

65.     Unless a preliminary and permanent injunction are issued enjoining Defendant CompUSA and its agents, servants, employees, attorneys, representatives, and all others acting on its behalf from infringing the '360 patent, Plaintiff will be greatly and irreparably harmed.

COMPLAINT FOR PATENT INFRINGEMENT, PERMANENT INJUNCTION, AND DAMAGES

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff SpeedTrack, Inc. prays for judgment against each Defendant as follows:

(1) For a judicial determination and declaration that each Defendant has directly infringed, and continues to directly infringe, United States Letters Patent No. 5,544,360;

(2) For a judicial determination and declaration that each Defendant has induced, and continues to induce, the infringement of United States Letters Patent No. 5,544,360;

(3) For a judicial determination and declaration that each Defendant has contributed to, and continues to contribute to, the infringement of United States Letters Patent No. 5,544,360;

(4) For a judicial determination and decree that each Defendants' infringement of United States Letters Patent No. 5,544,360 has been, and continues to be, willful and deliberate;

(5) For a judicial determination and decree that each Defendant and its respective subsidiaries, officers, agents, servants, employees, licensees, and all other persons or entities acting or attempting to act in active concert or participation with them or acting on their behalf, be preliminarily and permanently enjoined from further infringement of the '360 Patent;

(6) For a judicial decree that orders each Defendant to account for and pay to SpeedTrack all damages caused to SpeedTrack by reason of each Defendant's infringement pursuant to 35 U.S.C. Section 284, including enhanced damages under 35 U.S.C. Section 285;

(7) For an award of damages according to proof at trial;

(8) For a judicial declaration that this case is exceptional under 35 U.S.C. Section 285 and that Defendants be ordered to pay SpeedTrack's costs, expenses, and reasonable attorney's fees pursuant to 35 U.S.C. Sections 284 and 285;

(9) For a judicial order awarding to SpeedTrack pre-judgment and post-judgment interest on the damages caused to it by each Defendants' infringement; and

///
///
///
///

(10)  For any such other and further relief as the Court may deem just and proper under the circumstances.

DATED: July 11, 2007

HENNIGAN BENNETT & DORMAN LLP
Roderick G. Dorman
Alan P. Block
Marc Morris
Kevin Shenkman

By _____
   Alan P. Block

Attorneys for Plaintiff,
SPEEDTRACK, INC.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure as to all issues so triable.

DATED: July 11, 2007

HENNIGAN BENNETT & DORMAN LLP
Roderick G. Dorman
Alan P. Block
Marc Morris
Kevin Shenkman

By _____
         Alan P. Block

Attorneys for Plaintiff,
SPEEDTRACK, INC.