Jonathan E. Rich (SBN 187386)
PROSKAUER ROSE LLP
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Telephone: (310) 557-2900
Facsimile: (310) 557-2193
jrich@proskauer.com

Steven M. Bauer (*Pro Hac Vice* application forthcoming)
Colin G. Cabral (*Pro Hac Vice* application forthcoming)
Melissa A. Ganz (*Pro Hac Vice* application forthcoming)
PROSKAUER ROSE LLP
One International Place
Boston, MA  02110
Tel. (617) 526-9600
sbauer@proskauer.com
ccabral@proskauer.com
mganz@proskauer.com

Attorneys for
OFFICE DEPOT, INC.; CDW CORPORATION; NEWEGG INC.;
CIRCUIT CITY STORES, INC.; PC CONNECTION, INC.; AND COMPUSA INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SPEEDTRACK, INC.<br><br>　　　　*Plaintiff*,<br><br>v.<br><br>OFFICE DEPOT, INC.;<br>CDW CORPORATION; NEWEGG.COM;<br>CIRCUIT CITY STORES, INC.;<br>PC CONNECTION, INC.; AND<br>COMPUSA, INC.<br><br>　　　　*Defendants*. | Case No. C 07-03602 PJH<br><br>**NOTICE OF MOTION AND MOTION TO STAY THIS LITIGATION AGAINST ENDECA CUSTOMERS PENDING RESOLUTION OF SPEEDTRACK, INC. v. WAL-MART STORES, INC., ET AL. (C 06-7336 PJH)**<br><br>Before: Hon. Phyllis J. Hamilton<br><br>DATE: October 3, 2007<br>TIME:  9:00 a.m.<br>ACTION FILED: July 11, 2007 |

1     PLEASE TAKE NOTICE that on October 3, 2007 at 9:00 a.m., or as soon thereafter as this matter may be heard, Defendants Office Depot, Inc. ("Office Depot"), CDW Corporation ("CDW"), Newegg Inc. ("Newegg"),[1] Circuit City Stores, Inc. ("Circuit City"), PC Connection,[2] Inc. ("PC Connection"), and CompUSA Inc. ("CompUSA) (collectively "Defendants") will move this Court, pursuant to Civil Local Rule 7-2 to stay this late-filed action against Endeca's customers pending resolution of *SpeedTrack, Inc. v. Wal-Mart Stores, Inc. and Endeca Technologies, Inc.* (C 06-7336 PJH).

This motion is supported by the points and authorities cited herein, the pleadings and papers on file in this action, and on such matters as may be presented to the Court at the time of the hearing.

DATED: August 27, 2007

PROSKAUER ROSE LLP

Steven M. Bauer (*Pro hac vice* application forthcoming)
Jonathan E. Rich (SBN 187386)
Colin G. Cabral (*Pro hac vice* application forthcoming)
Melissa A. Ganz (*Pro hac vice* application forthcoming)

By: /s/ Jonathan E. Rich

Attorneys for
OFFICE DEPOT, INC.; CDW CORPORATION; NEWEGG INC.; CIRCUIT CITY STORES, INC.; PC CONNECTION, INC.; AND COMPUSA INC.

---

[1] Plaintiff SpeedTrack incorrectly names Newegg.com as a defendant in the above-captioned case. There is no such entity. Newegg Inc., therefore, expressly reserves the right to object to SpeedTrack's service and to assert a defense of lack of personal jurisdiction.

[2] Plaintiff SpeedTrack incorrectly names PC Connection as a defendant in the above-captioned case. PC Connection does not own or operate any website or use any Endeca-related technology. PC Connection, therefore, expressly reserves the right to object to SpeedTrack's service and to assert a defense of lack of personal jurisdiction.

2
DEFENDANTS' MOTION TO STAY PROCEEDINGS
Case No. C 07-03602 PJH

# MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Civil Local Rules 7-2 and 7-4, Defendants Office Depot, CDW, Newegg, Circuit City, PC Connection, and CompUSA respectively submit this Memorandum of Points And Authorities in support of their Motion to Stay.[3]

## I. INTRODUCTION

On November 29, 2006, Plaintiff SpeedTrack, Inc. ("SpeedTrack") filed suit for patent infringement against Wal-Mart Stores, Inc. ("Wal-Mart") in this Court, alleging that certain search functionality on Wal-Mart's retail website infringed U.S. Patent No. 5,544,360 ("the '360 Patent").[4]  Because Wal-Mart is a customer of Endeca Technologies, Inc. ("Endeca"), and in view of several dozen letters sent by SpeedTrack to other Endeca customers charging them all with infringement, Endeca moved to intervene in the suit on March 13, 2007.  The Court allowed Endeca's intervention on April 12, 2007, and Endeca has since participated fully in the litigation in defense of its customer, Wal-Mart.

On July 11, 2007, after an unsuccessful mediation between SpeedTrack and Endeca, SpeedTrack filed a second complaint against six additional Endeca customers – the six defendants in this action.  SpeedTrack's selection of the six Endeca customers sued here, and the timing of the action, were no accident.  In a letter sent to Endeca on the same day this suit was filed, SpeedTrack's counsel explained why it chose these customers and asked Endeca to reconsider its settlement posture before more of its customers were dragged into litigation.  According to SpeedTrack's counsel, the complaint was filed to encourage Endeca to enter into settlement talks:

---

[3] Nothing contained in this motion shall be understood to be an admission as to any of the allegations set forth in Plaintiff's Complaint as filed on July 11, 2007 or as a waiver of any defenses.  Defendants Office Depot, CDW, Newegg, Circuit City, PC Connection, and CompUSA expressly reserve the right to assert any and all available defenses and counterclaims in their respective Answers, including but not limited to, the defenses of lack of personal and/or subject matter jurisdiction, improper venue, insufficiency of process, insufficiency of service of process, or failure to state a claim upon which relief can be granted.

[4] SpeedTrack's Complaint also made allegations against Toyota, Hertz and Magellan for their use of technology unrelated to Endeca's.  Those defendants have now been dismissed from the case, leaving the case between SpeedTrack, Wal-Mart and Endeca.

"We hope that Endeca will view this new lawsuit as an opportunity to revisit the need to get creative and serious about a global settlement with SpeedTrack." (July 11, 2007 letter from R. Dorman to S. Bauer, attached as Exh. A).[5]

The six defendants in this case, all Endeca customers, respectfully request that this Court stay the present action pending resolution of the dispute between SpeedTrack and Endeca in the previously-filed Wal-Mart case. This case is more than six months behind the Wal-Mart case, which involves the same patent and the same Endeca technology. The Wal-Mart case will resolve the same legal and factual questions at issue here relating to the validity of the '360 Patent and whether Endeca's technology infringes the patent. Resolution of the substantive liability issues before this Court in the Wal-Mart case should proceed before subjecting six additional Endeca customers to the harassment and expense of litigating in parallel.

A stay here would avoid potentially needless litigation without prejudicing SpeedTrack's legal rights in any way. If Endeca succeeds in the action against SpeedTrack, this second case will be for naught. On the other hand, if SpeedTrack succeeds in its case against Endeca, it is highly likely the customer suits will settle quickly, because the primary issue remaining will be a valuation of damages.

For these reasons, this Court should exercise its discretion to stay the customer suits against Defendants pending resolution of the dispute between SpeedTrack and Endeca.

## II.  STATEMENT OF FACTS

Endeca is a Massachusetts-based venture-capital-backed company that provides enterprise information access solutions to a wide range of customers, including a number of online retail clients. Each of the six customer-defendants in this suit (and Wal-Mart) have obtained customized solutions from Endeca built on Endeca's patented Information Access Platform.

SpeedTrack's original complaint against Endeca's customer, Wal-Mart, alleged that Wal-Mart directly infringes the '360 Patent by providing certain search functionality on its

---

[5] All exhibits cited herein are attached to the Declaration of Jonathan E. Rich, Esq., in Support of Defendants' Motion to Stay, dated August 27, 2007, submitted herewith.

www.Walmart.com website.  (SpeedTrack's Complaint for Patent Infringement, Permanent Injunction and Damages, dated November 29, 2006, ¶ 12, attached as Exh B).  After SpeedTrack sent dozens of infringement notice letters to other Endeca customers, Endeca intervened in the Wal-Mart case, seeking a declaration from this Court that Endeca's technology (and its customers' use thereof) does not infringe the '360 Patent and that the patent is invalid.  (Endeca Technology, Inc.'s Complaint In Intervention, dated April 13, 2007, attached as Exh. C).

Well after the Wal-Mart suit was joined and validity and infringement contentions exchanged, and after an unsuccessful mediation, on July 11, 2007, SpeedTrack filed this suit against six more of Endeca's customers – Office Depot, CDW, Newegg, Circuit City, PC Connection, and CompUSA.  SpeedTrack's allegations again focus on technology developed and supplied by Endeca for use on retail websites.  (*See*, *e.g.*, SpeedTrack's Complaint For Patent Infringement, Permanent Injunction, and Damages, ¶ 13).

In a letter sent by SpeedTrack's counsel to Endeca's counsel on the same day that SpeedTrack filed its second complaint, SpeedTrack wrote the following to Endeca: "We hope that Endeca will view this new lawsuit as an opportunity to revisit the need to get creative and serious about a global settlement with SpeedTrack."  (Exh. A, p. 3).  It is clear that SpeedTrack filed this suit to pressure Endeca into a settlement.  Since filing this suit, SpeedTrack has, in fact, continued to harass Endeca's customers, contacting customers directly contrary to instructions from their outside counsel.  (*See* August 17, 2007 Email correspondence between R. Berman and S. Grill, attached as Exh. D).

**III.    ARGUMENT**

**This Court Should Exercise Its Discretion To Stay The Customer Suits Against Defendants Pending Resolution Of The Dispute Between SpeedTrack and Endeca In The Wal-Mart Case.**

Courts have broad discretion when deciding whether to stay proceedings.  *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *CMAX Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.

5

1962) ("A district court has inherent power to control the disposition of the cases on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants.").

In the context of patent litigation, courts have long recognized that a dispute between a patent holder and the manufacturer of accused goods should take precedence over suits brought by the patent holder against customers of the manufacturer. *See Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1463-64 (Fed. Cir. 1990); *Corning Glass Works v. United States*, 220 Ct. Cl. 605, 607 (Ct. Cl. 1979) ("Courts generally favor suits against the supplier, as primary defendant, over suits against that supplier's customers, even where the customer's suit is filed first.").

Moreover, courts routinely exercise their discretion to stay customer suits where the manufacturer is the "true defendant" in the dispute. *See Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737-38 (1st Cir. 1977) ("At the root of the preference for a manufacturer's declaratory judgment action is the recognition that, in reality, the manufacturer is the true defendant in the customer suit . . . . a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products."); *see also*, *Leviton Manuf. Co., Inc. v. Interline Brands Inc.*, 2006 U.S. Dist. LEXIS 61944, at*5-11 (M.D. Fla. August, 30, 2006) (staying customer suit in favor of proceeding against the manufacturer to determine validity and infringement); *Honeywell Int'l Inc. v. Audiovox Communic. Corp.*, 2005 U.S. Dist. LEXIS 22933, at*14-15 (D. Del. May 18, 2005) (same); *Corning Glass*, 220 Ct. Cl. at 607 (same); *Codex*, 553 F.2d at 737-38 (same); *Gassaway v. Business Machine Security*, 1988 U.S. Dist. LEXIS 16064, at*4-5 (C.D. Cal. May 3, 1988) (same); *Probatter Sports, LLC v. Joyner Technologies, Inc.*, 463 F. Supp. 2d 949, 955-57 (N.D. Iowa 2006) (same); *see also Collier v. Airtite, Inc.*, 1988 U.S. Dist. LEXIS 10382, at*4-5 (N.D. Ill. Sept. 15, 1988) ("The public interest is served by resolving a patent infringement claim in a single suit against the manufacturer, rather than a multiplicity of actions against the manufacturer's customers.").

The primary issue in determining whether to stay a suit by a patentee against the customers of an alleged infringer is "whether or not an exercise of the Court's discretion . . . would operate to prevent needless litigation without substantial impairment of the patentee's rights under the patent law." *Wilbur v. Superior Concrete Accessories*, 217 F. Supp. 600, 601 (N.D. Cal. 1963). A key factor is whether resolution of the major issues in the suit against the manufacturer, including infringement and patent validity, will resolve or advance the prosecution or resolution of these issues in the customer suits. *Katz*, 909 F.2d at 1464.

In the instant case, staying a suit brought by SpeedTrack against six Endeca customers in this action makes practical sense. Endeca is the true defendant, as they developed the technology at issue and provided it to the customer Defendants for use on their retail websites, and is defending that same technology in the Wal-Mart case. Further, the Wal-Mart case involves the same patent and requires resolution of the same legal and factual questions. The resolution of the major issues before this Court in the Wal-Mart case, including patent infringement and patent validity, will significantly advance the prosecution or resolution of those issues in this case. *See Katz*, 909 F.2d at 1464. Staying the proceedings against Defendants would, therefore, prevent needless litigation and expense for these innocent bystanders, who were apparently brought into this dispute solely to apply pressure to Endeca.

In addition, a stay of the customer suits here would not prejudice SpeedTrack in any way. SpeedTrack should have the same interests in having the liability case resolved quickly and without multiple proceedings. The stay sought here would not affect SpeedTrack's ability to get a speedy resolution of the liability issues in the Wal-Mart case. Granting this stay might even result in a speedier resolution of the dispute between the new defendants.

Simultaneously with the filing of this motion, Endeca is filing a motion in the Wal-Mart action, asking this Court to bifurcate and stay the damages portion of that case, so that the liability issues there can be decided as efficiently and expeditiously as possible. Endeca believes it has identified knock-out prior art that invalidates the SpeedTrack patent. Endeca, as a small venture-

7

capital backed business, has no interest in multiplying litigation proceedings, increasing expenses, or delaying resolution of the dispute between it and SpeedTrack.

This action is more than six months behind the schedule set in the Wal-Mart case, which is rapidly moving towards a *Markman* hearing on claim construction. A stay in this case would serve to streamline the issues of liability and facilitate a faster settlement or dismissal. Indeed, in *Katz*, the court recognized that "there may be additional issues involving the defendants in the [customer suits]," but stated that "their prosecution will be advanced if [the patentee] is successful on the major premises being litigated in [the suit against the manufacturer], and may well be mooted if [the patentee] is unsuccessful." *Id.*

The same holds true in this case. Resolution of the Wal-Mart case will either significantly advance the major issues in this case, or render this case moot altogether.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant its motion to stay the proceedings pending resolution of the dispute between SpeedTrack and Endeca in the Wal-Mart case.

Dated: August 27, 2007          **PROSKAUER ROSE LLP**
                                STEVEN M. BAUER*
                                JONATHAN E. RICH
                                COLIN G. CABRAL*
                                MELISSA A. GANZ*


                                /s/ Jonathan E. Rich
                                Jonathan E. Rich
                                Attorneys for, OFFICE DEPOT, INC.;
                                CDW CORPORATION; NEWEGG INC.; CIRCUIT CITY STORES, INC.; PC CONNECTION, INC.; AND COMPUSA INC.

*Pro Hac Vice* Applications forthcoming

DEFENDANTS' MOTION TO STAY PROCEEDINGS
Case No. C 07-03602 PJH

**PROOF OF SERVICE**

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I declare that: I am employed in the county of Los Angeles, California. I am over the age of eighteen years and not a party to the within cause; my business address is 2049 Century Park East, Suite 3200, Los Angeles, California 90067-3206.

    On August 27, 2007, I served the forgoing document, described as **NOTICE OF MOTION AND MOTION TO STAY THIS LITIGATION AGAINST ENDECA CUSTOMERS PENDING RESOLUTION OF SPEEDTRACK, INC. V. WAL-MART STORES, INC., ET AL.** on the interested parties in this action by transmitting via United States District Court for the Northern District of California Electronic Case Filing Program the document(s) listed above by uploading the electronic files for each of the above-listed documents on this date.

                                           /s/ Jonathan E. Rich
                                           Jonathan E. Rich