# EXHIBIT C

Steven M. Bauer (Admitted *Pro Hac Vice*)
Richard B. Myrus (Admitted *Pro Hac Vice*)
**PROSKAUER ROSE LLP**
One International Place
Boston, MA 02110
Tel. (617) 526-9600
sbauer@proskauer.com
rmyryus@proskauer.com
ccabral@proskauer.com

Jonathan E. Rich (SBN 187386)
PROSKAUER ROSE LLP
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Telephone: (310) 557-2900
Facsimile: 310.557.2193
jrich@proskauer.com

Attorneys for
ENDECA TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SPEEDTRACK, INC.<br><br>Plaintiff,<br><br>vs.<br><br>WAL-MART STORES, INC., THE HERTZ CORPORATION, MAGELLAN NAVIGATION, INC., and TOYOTA MOTOR SALES, U.S.A., INC.<br><br>Defendants. | Case No. C06 7336 PJH<br><br>ENDECA TECHNOLOGIES, INC.'S COMPLAINT IN INTERVENTION<br><br>Action Filed: November 29, 2006 |

Intervenor Endeca Technologies, Inc., on personal knowledge as to its own acts and upon information and belief in all other respects, by its attorneys Proskauer Rose LLP, for its Complaint in Intervention against SpeedTrack, Inc., hereby avers the following:

**PARTIES**

1. Endeca Technologies, Inc. ("Endeca") is a corporation duly organized and existing under the laws of the Delaware, with its principal place of business in Cambridge, Massachusetts.

2. Plaintiff, and Defendant in Intervention, SpeedTrack, Inc. is a corporation duly organized and existing under the laws of the State of California, with its principal place of business in Yorba Linda, California.

**JURISDICTION AND VENUE**

3. This is an action for a declaration of noninfringement and invalidity of U.S. Patent No. 5,544,360. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action concerns a federal question relating to patents arising under Title 35 of the United States Code, and pursuant to 28 U.S.C. §§ 2201 and 2202 because this is a civil action for a declaratory judgment involving a justiciable controversy between Endeca and SpeedTrack.

4. This Court has personal jurisdiction over SpeedTrack because SpeedTrack has submitted to the jurisdiction of this Court by filing the underlying action (Case No. C06 7336 PJH) ("Underlying Action").

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391.

**FACTUAL BACKGROUND**

6. On November 29, 2006, SpeedTrack filed its complaint against Defendants in the Underlying Action, alleging that SpeedTrack is the owner by assignment of all rights and interests in U.S. Patent No. 5,544,360 ("the '360 Patent").

7. Endeca's Complaint in Intervention arises out of SpeedTrack's allegations in the complaint in the Underlying Action that Endeca's customer, Wal-Mart Stores, Inc. ("Wal-Mart"),

2

infringes the '360 Patent by providing a website which permits visitors to the website to search for products available for sale by selecting predefined categories descriptive of the products.

8.  An actual controversy exists between Endeca and SpeedTrack regarding whether the Endeca Information Access Platform infringes the '360 patent and whether the '360 Patent is invalid.

9.  SpeedTrack's conduct has placed Endeca in reasonable apprehension of an infringement suit against Endeca, and has put in issue Endeca's relations with its customers and future customers if it continues to make, use or sell its products.

## COUNT I

### Declaratory Judgment of Noninfringement of U.S. Patent No. 5,544,360

10. Endeca restates, realleges, and incorporates by reference Paragraphs 1-9 as if set forth in full herein.

11. Endeca does not infringe any claim of the '360 Patent by making, using, offering to sell or selling the Endeca Information Access Platform, and Endeca does not induce or contribute to infringement of any claim of the '360 Patent in so doing.

12. Wal-Mart's use of the Endeca Information Access Platform does not infringe, directly or indirectly, any claim of the '360 Patent.

13. An actual controversy exists between Endeca and SpeedTrack regarding SpeedTrack's allegations of infringement of the '360 patent.

14. A judicial declaration that Endeca does not infringe any valid and enforceable claim of the '360 Patent is necessary and appropriate so that Endeca can clear its rights with respect to making, using, selling, and offering for sale the Endeca Information Access Platform. Absent such a declaration, SpeedTrack will continue to assert the '360 Patent against Endeca and Endeca's customers, and thereby cause Endeca irreparable injury.

3

ENDECA'S COMPLAINT IN INTERVENTION
No. C06 7336 PJH

## COUNT II

**Declaratory Judgment of Invalidity of U.S. Patent No. 5,544,360**

15. Endeca restates, realleges, and incorporates by reference Paragraphs 1-14 as if set forth in full herein.

16. The '360 Patent is invalid for failing to satisfy one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

17. An actual controversy exists between Endeca and SpeedTrack regarding the validity of the '360 Patent.

18. A judicial declaration that the claims of the '360 Patent are invalid under one or more of the statutory provisions identified above is necessary so that Endeca can clear its rights with respect to making, using, selling, and offering for sale the Endeca Information Access Platform. Absent such a declaration, SpeedTrack will continue to assert the '360 Patent against Endeca and Endeca's customers, and thereby cause Endeca irreparable injury.

## **PRAYER FOR RELIEF**

WHEREFORE, Endeca prays for the following relief:

1. That judgment be entered declaring that Endeca does not infringe, directly or indirectly, any claim of the '360 Patent, either literally or under the doctrine of equivalents;

2. That judgment be entered declaring that the '360 Patent is invalid;

3. That judgment be entered declaring this an exceptional case pursuant to 35 U.S.C. § 285 and awarding Endeca its costs, expenses and attorneys' fees; and

4. That Endeca be awarded such other and further relief as the Court deems just and proper.

///

## DEMAND FOR JURY TRIAL

Endeca hereby makes a demand for a trial by jury as to all issues in this lawsuit so triable.

DATED: April 13, 2007

PROSKAUER ROSE LLP
STEVEN M. BAUER
RICHARD B. MYRUS
JONATHAN E. RICH

/s/
_____
Jonathan E. Rich

Attorneys for,
ENDECA TECHNOLOGIES, INC.

5

ENDECA'S COMPLAINT IN INTERVENTION
No. C06 7336 PJH