HENNIGAN, BENNETT & DORMAN LLP
RODERICK G. DORMAN (SBN 96908)
dormanr@hbdlawyers.com
ALAN P. BLOCK (SBN 143783)
blocka@hbdlawyers.com
MARC MORRIS (SBN 183728)
morrism@hbdlawyers.com
KEVIN SHENKMAN (SBN 223315)
shenkmank@hbdlawyers.com
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone: (213) 694-1200
Facsimile: (213) 694-1234

Attorneys for Plaintiff,
SPEEDTRACK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SPEEDTRACK, INC., <br><br> Plaintiff, <br><br> vs. <br><br> OFFICE DEPOT, INC.; CDW CORPORATION; NEWEGG.COM; CIRCUIT CITY STORES, INC.; PC CONECTION, INC.; AND COMPUSA, INC., <br><br> Defendants. | Case No. C-07-3602-PJH <br><br> Before: Hon. Phyllis J. Hamilton <br><br> **OPPOSITION TO DEFENDANTS' MOTION TO STAY THIS LITIGATION** <br><br> DATE:  October 3, 2007 <br> TIME:  9:00 a.m. <br><br> Action Filed: July 11, 2007 |

**I.    INTRODUCTION**

Endeca's proposal to indefinitely stay this patent infringement litigation (the "Office Depot Action") is precisely opposite to what should be done procedurally to promote judicial economy.

Earlier filed, related Case No. C06-7336 PJH, *SpeedTrack, Inc. v. Wal-Mart Stores* ("Wal-Mart Action"), in which Endeca intervened, originally contained infringement claims against an internet retailer (Wal-Mart) and various GPS providers (Toyota, Hertz and Magellan Navigation). The claims against the GPS providers have all been settled through the licensing of the SpeedTrack patents by those now-dismissed defendants. The only remaining parties adverse to SpeedTrack in the Wal-Mart Action are Wal-Mart and intervenor Endeca. Wal-Mart is the direct infringer; Endeca contributes to and induces that infringement by providing the technology by which the patented methods are practiced by Wal-Mart.

A host of internet retailers are infringing SpeedTrack's patents, including many retailers which use Endeca's technology (Endeca Technology Retailers or "ETRs"). To promote judicial economy and to precipitate a resolution with all infringing ETRs (since Endeca has indemnified such retailers), SpeedTrack filed the Office Depot Action against six ETRs and filed an administrative motion to have the Office Depot Action related to the Wal-Mart Action. It only made sense, for example, that the claim construction rulings in the Wal-Mart Action apply with equal force to the Office Depot Action.

By its motion, Endeca seeks to prevent the realization of the judicial economics intended by the related case filing.

Rather than stay the present case as requested by the defendants and prejudice SpeedTrack, given the admitted overlap of issues, judicial economy is best served by consolidation (at least for purposes of discovery and claim construction) of this case with the Wal-Mart action. In fact, SpeedTrack has proposed such a consolidation with appropriate changes to the discovery and trial schedule.

**II.    LEGAL STANDARDS ON A MOTION TO STAY LITIGATION**

A court has the inherent power to stay proceedings in order "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."

1 *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936).  This power "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.*, 299 U.S. at 254-55; *Cherokee Nation v. U.S.*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (reversing a trial court's indefinite stay and stating: "[A] trial court must first identify a pressing need for the stay. The court must then balance interests favoring a stay against interests frustrated by the action. Overarching this balancing is the court's paramount obligation to exercise jurisdiction timely in cases properly before it."); *see also Conroy v. Fresh Del Monte Produce, Inc.*, 325 F.Supp.2d 1049, 1053-54 (N.D.Cal. 2004).

In determining whether to stay proceedings, the Court considers the following FACTORS: (1) judicial economy; (2) the moving party's hardship; and (3) potential prejudice to the non-moving party.  *Landis*, 299 U.S. at 254-55; *Cherokee Nation*, 124 F.3d at 1416; *Single Chip Sys. Corp. v. Intermec IP Corp.*, 2007 U.S. Dist. LEXIS 50708, at *10 (S.D. Cal. 2007).  As the parties moving for a stay, Defendants must show "a compelling reason to stay this case." *Nichols Inst. Diagnostics, Inc. v. Scantibodies Clinical Lab., Inc.*, 218 F. Supp. 2d 1243 (S.D. Cal. 2002); *Landis*, 299 U.S. at 255 ("… the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else.").

### III.  ARGUMENT

#### A.  Defendants' Motion to Stay Should Be Denied Because Defendants Have Not Shown That Bifurcation Is Clearly Necessary in This Case

##### 1.  A stay does not promote judicial economy

Indefinitely staying discovery and trial in the present case is inimical to judicial economy and will only serve to multiply proceedings before this Court thereby requiring duplication of effort by the parties and the Court.  Defendants' claim that judicial economy is served by a stay is based upon its assertion that resolution of the Wal-Mart Action will resolve this case.  That is true only if Wal-Mart wins on grounds equally applicable to the Office Depot Action defendants.  While it is true that SpeedTrack would be bound by any finding of patent invalidity or unenforceability, absent coordination or consolidation, defendants in the Office Depot Action are not bound by this Court's determinations relating to claim construction, patent validity, patent infringement, patent

enforceability or damages in the Wal-Mart Action.  Accordingly, if SpeedTrack prevails in the Wal-Mart action, SpeedTrack and the Court will have to reprise all claim construction and liability issues all over again.  Putting aside the obvious prejudice and unnecessary cost to SpeedTrack, such multiple proceedings are not in the interest of judicial economy.  Rather than a stay, tailored consolidation best serves the interests of judicial economy.

The cases cited by defendants for the proposition that "manufacturer" suits take precedence over "customer" suits which should be stayed do not apply to this case.[1]  Rather, in contrast to this case, in each of those cited cases the patentee was also asserting direct infringement against the "manufacturer who had supplied the customer infringing products."  For example, in *Leviton*, the defendant purchased ground-fault-circuit-interrupter outlets from a manufacturer, and simply re-sold those outlets.  Similarly in *Corning Glass*, the Court of Claims ruled that the infringement issues were identical in plaintiff's suits against a catalog item manufacturer and the United States government, which had purchased and used those catalog items.

Here, Endeca is not a direct infringer of the targeted conduct, and the asserted claims are method claims only.  The issue of infringement in this case will turn on the operation of each Defendant's website, each of which is different from one another.  Therefore, the economy or feasibility of proceeding with a "manufacturer" suit first, where the manufacturer is selling the same product as the customer, is not present here.  Notably, in the only Federal Circuit case cited by Defendants for the proposition that "manufacturer" suits should proceed before "customer" suits – *Katz v. Lear Stigler, Inc.*, 909 F.3d 1459 (Fed. Cir. 1990) – the Federal Circuit actually reversed a district court's grant of a stay of litigation against a so-called "customer" because of such "differences in the various suits."  *Id* at 1463.  In *Katz*, the Federal Circuit reasoned that certain issues in one suit would not be resolved in the other suit, and "[t]here is no good reason to unduly delay the resolution of [such] issues," especially in light of "[t]he public policy favoring expeditious resolution of disputes … dealing with wasting assets such as patents."  *Id* at 1463-64.

**2.    A stay of the litigation would be unfair and prejudicial to SpeedTrack**

Prejudice to the non-moving party is also a factor that must be considered by a court in

---

[1] See Opening Br. p. 6.

1   deciding a motion to stay a litigation indefinitely.  *Cherokee Nation v. U.S.*, 124 F.3d at 1416 ("The
2   court must then balance interests favoring a stay against interests frustrated by the action.")  A stay
3   of this litigation, proposed by Defendants in this case, would result in at least three material forms of
4   prejudice to SpeedTrack.

5   First, it would prevent cost saving coordination and consolidation.  SpeedTrack would suffer
6   the practical prejudice inherent in any divided proceeding, especially in a case such as this where the
7   evidence and issues substantially overlap. Such prejudice is well-established in the case law and
8   includes additional delays, greater litigation costs, extra discovery disputes, and the burden and
9   inconvenience of presenting the same evidence more than once.  *See, e.g., Kos Pharms., Inc. v. Barr*
10  *Labs., Inc.*, 218 F.R.D. 387, 393 (S.D.N.Y. 2003); *Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618,
11  624 (N.D.Ill. 2000); *Monaghan v. SZS 33 Assocs., L.P.*, 827 F. Supp. 233, 246 (S.D.N.Y. 1993).

12  Secondly, SpeedTrack would suffer the prejudice of being forced to defend its patent's
13  validity multiple times, while each Defendant (represented by the same counsel) each sequentially
14  tries to invalidate the '360 patent.  If the Defendants' requested stay is granted, SpeedTrack will be
15  required to argue issues like claim construction and patent validity multiple times.  If SpeedTrack
16  were to lose its claim construction or validity arguments even once, SpeedTrack could be precluded
17  from arguing those issues again.  At the same time, each Defendant could argue these issues anew.
18  Speedtrack could also be subject to inconsistent rulings, as each defendant may argue for different
19  claim constructions.

20  Thirdly, SpeedTrack's interest (as well as the public's interest) in expeditious resolution of
21  disputes dealing with wasting assets such as patents would be frustrated.  *See Katz*, 909 F.2d at
22  1463-64.

23          **3.      Defendants have not shown that they will suffer any prejudice or
                     hardship if this litigation is not stayed**
24

25  As discussed above, the moving parties' hardship or prejudice is one factor to be considered
26  in ruling on a motion to bifurcate or motion to stay.  *Landis*, 299 U.S. at 254-55; *Cherokee Nation*,
27  124 F.3d at 1416-18; *Single Chip Sys. Corp.*, 2007 U.S. Dist. LEXIS 50708, at *10.  Defendants
28  here do not even contend that they would be prejudiced or suffer hardship if their motion for stay is

denied. Their chief complaint is that SpeedTrack is trying to encourage Endeca to settle this litigation by seeking to enforce its patent against Endeca's clients. That complaint does not constitute legally cognizable prejudice for the purpose of Endeca's motion. SpeedTrack is entitled to sue and to threaten to sue infringers of its patent.

**IV.   CONCLUSION**

    For all the foregoing reasons, Defendants motions to stay should be denied.

DATED:  September 12, 2007          HENNIGAN BENNETT & DORMAN LLP
                                                        Roderick G. Dorman
                                                        Alan P. Block
                                                        Marc Morris
                                                      Kevin Shenkman


                                                By       /s/ Roderick G. Dorman
                                                            Roderick G. Dorman

                                              Attorneys for Plaintiff, SPEEDTRACK, INC.

**PROOF OF SERVICE**

STATE OF CALIFORNIA,      )
                          ) SS.
COUNTY OF LOS ANGELES     )

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 865 South Figueroa Street, Suite 2900, Los Angeles, California  90017.

      On September 12, 2007**,** I served a copy of the within document described as follows: **OPPOSITION TO DEFENDANTS' MOTION TO STAY THIS LITIGATION** on the interested parties in this action by transmitting via United States District Court for the Northern District of California Electronic Case Filing Program the document listed above by uploading the electronic files for each of the above listed document(s) on this date, addressed as set forth on the attached service list.

**PLEASE SEE ATTACHED LIST**

      The above-described document was also transmitted to the parties indicated below, by Federal Express only:

      Chambers of the Honorable Phyllis J. Hamilton
      USDC, San Francisco Division
      Attn:  Regarding SpeedTrack Litigation
      450 Golden Gate Avenue
      San Francisco, CA  94102-3483
      *3 copies*

      I am readily familiar with Hennigan, Bennett & Dorman LLP's practice in its Los Angeles office for the collection and processing of federal express with Federal Express.

      Executed on September 12, 2007, at Los Angeles, California.

      I declare that I am employed in the office of a member of this bar of this court at whose direction the service was made.

                  /s/ Lisa Spears-McCorry
                    Lisa Spears-McCorry

**SERVICE LIST**

| | |
|---|---|
| Jonathan E. Rich, Esq.<br>PROSKAUER ROSE LLP<br>2049 Century Park East, Suite 3200<br>Los Angeles, CA 90067-3206<br>Tel: (310) 557-2900<br>Fax: (310) 557-2193<br>Email: jrich@proskauer.com | Attorneys for:<br><br>OFFICE DEPOT, INC.; CDW CORPORATION; NEWEGG.COM; CIRCUIT CITY STORES, INC.; PC CONNECTION, INC.; and COMPUSA, INC. |
| Steven M. Bauer, Esq.<br>Colin G. Cabral, Esq.<br>Melissa A. Ganz, Esq.<br>PROSKAUER ROSE LLP<br>One International Place<br>Tel: (617) 526-9600<br>Emails: sbauer@proskauer.com<br>          ccabral@proskauer.com<br>          mganz@proskauer.com | Attorneys for:<br><br>OFFICE DEPOT, INC.; CDW CORPORATION; NEWEGG.COM; CIRCUIT CITY STORES, INC.; PC CONNECTION, INC.; and COMPUSA, INC. |