Jonathan E. Rich (SBN 187386)
PROSKAUER ROSE LLP
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Telephone: (310) 557-2900
Facsimile: (310) 557-2193
jrich@proskauer.com

Steven M. Bauer (admitted *Pro Hac Vice*)
Colin G. Cabral (admitted *Pro Hac Vice*)
Melissa A. Ganz (admitted *Pro Hac Vice*)
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110
Tel. (617) 526-9600
sbauer@proskauer.com
ccabral@proskauer.com
mganz@proskauer.com

Attorneys for
OFFICE DEPOT, INC.; CDW CORPORATION; NEWEGG INC.;
CIRCUIT CITY STORES, INC.; PC CONNECTION, INC.; AND COMPUSA INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SPEEDTRACK, INC.<br><br>*Plaintiff,*<br><br>v.<br><br>OFFICE DEPOT, INC.;<br>CDW CORPORATION; NEWEGG.COM;<br>CIRCUIT CITY STORES, INC.;<br>PC CONNECTION, INC.; AND<br>COMPUSA, INC.<br><br>*Defendants.* | Case No. C 07-03602 PJH<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY THIS LITIGATION PENDING RESOLUTION OF SPEEDTRACK, INC. v. WAL-MART STORES, INC., ET AL. (C 06-7336 PJH)**<br><br>Before: Hon. Phyllis J. Hamilton<br><br>DATE: October 3, 2007<br>TIME: 9:00 a.m.<br>ACTION FILED: July 11, 2007 |

1

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY PROCEEDINGS
CASE NO. C 07-03602 PJH

SpeedTrack raises three arguments in opposition to Defendants' motion to stay this case pending resolution of the closely-related case, *SpeedTrack, Inc. v. Wal-Mart Stores, Inc., et al.* (C 06-7336 PJH), also before this Court. First, SpeedTrack argues that a stay will not promote judicial economy. Second, SpeedTrack argues that a stay would be unfair and prejudicial to SpeedTrack. Finally, SpeedTrack argues that Defendants will not suffer any prejudice if their motion is denied.

The key weakness in SpeedTrack's argument regarding judicial economy is that SpeedTrack ignores the following three facts: 1) Endeca – the product manufacturer – is defending the technology-at-issue in the first-filed case; 2) SpeedTrack has not alleged that any differences exist between the technology used by Defendants and the technology-at-issue in the first case; and 3) if Endeca's technology is found not to infringe the '360 Patent in the first-filed case, or if SpeedTrack loses on the issue of validity, this second case becomes entirely moot. Clearly, contrary to SpeedTrack's arguments, efficiency and economy are maximized by resolving a first-filed and dispositive case before proceeding with a second action that is largely redundant on the liability issues but wildly different on the damages issues.

SpeedTrack's argument that a stay would be unfair and prejudicial to SpeedTrack because it would lead to greater litigation costs is incredible because SpeedTrack's motivation for bringing this suit was precisely to increase Endeca's litigation expenses. In fact, SpeedTrack sent a letter to Endeca's counsel on the day this suit was filed, stating, "We hope that Endeca will view this new lawsuit as an opportunity to revisit the need to get creative and serious about a global settlement with SpeedTrack." (08/27/07 Declaration of Jonathan E. Rich, Esq., Exhibit A, at 3). SpeedTrack chose to file this action against six of the largest internet retailers in the country because it knew that simultaneous discovery involving each of these defendants would be a massive undertaking for Endeca, requiring extensive electronic discovery and many hours of document review. SpeedTrack is well aware that these efforts would be redundant and wasteful because the first-

2

filed case will resolve the same legal and factual questions at issue here relating to the validity of the '360 Patent and whether Endeca's technology infringes the patent.

Finally, SpeedTrack argues that Defendants will suffer no prejudice if their motion is denied. To the contrary, Endeca is defending its customers against SpeedTrack's allegations of infringement. Endeca does not have pockets so deep that it can as easily afford to defend seven companies as one. Endeca is a privately-held technology company, and this patent suit targets the heart of its business. That Endeca's customers may be highly successful and have deep pockets should not matter for the purposes of this motion. Moreover, the success of Endeca's customers does not change the fact that by first resolving whether Endeca's technology infringes the '360 Patent, this case will become either entirely moot, or much more likely to settle.

This Court has broad discretion when deciding whether to stay proceedings. *See Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *CMAX Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) ("A district court has inherent power to control the disposition of the cases on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants."). SpeedTrack simply misleads this Court when it suggests that the case law discourages a stay under these circumstances. SpeedTrack's reading of *Katz v. Lear Stigler, Inc.*,[1] for example, is flat wrong. SpeedTrack implies that in *Katz* the Federal Circuit "actually reversed a district court's grant of a stay of litigation against a so-called 'customer.'" (SpeedTrack's Opposition To Defendants' Motion To Stay This Litigation at 3). In fact, the Federal Circuit held that the district court correctly stayed the first (Batavia) action because it was a form of "customer suit." *Katz*, 909 F.3d at 1463-64. The Federal Circuit noted that "[the manufacturers] have represented to the [district] court that resolution of the major issues before that court, including patent infringement, patent validity, and Mr. Katz' capacity to sue, will resolve these issues as to their other customers . . . The [district] court's injunction against prosecution of the Batavia action, on this basis, was within the court's discretionary authority." *Id.* at 1464. With regard to a second

---

[1] 909 F.3d 1459 (Fed. Cir. 1990).

3

action brought by Mr. Katz, the Federal Circuit held that the "customer suit" exception from the *Codex Corp. v. Milgo Electronic Corp.*[2] case did not apply only because "ASP *is not asserted to be a customer.*" *Id.* at 1463 (emphasis added).

SpeedTrack tries to distinguish the present case by arguing that it is not a "customer suit" because SpeedTrack does not accuse Endeca of direct infringement. This distinction is artificial. Endeca's technology has been the focus of SpeedTrack's infringement contentions, and this action involves the same legal and factual questions as the first-filed case with respect to invalidity and whether the technology-at-issue infringes the '360 Patent. *See Katz*, 909 F.3d at 1464 ("Although there may be additional issues involving the defendants in the Batavia action, their prosecution will be advanced if Mr. Katz is successful on the major premises being litigated in Massachusetts, and may well be mooted if he is unsuccessful.").

For the foregoing reasons, Defendants respectfully request that the Court grant its motion to stay the proceedings pending resolution of the dispute between SpeedTrack and Endeca in the first-filed case.

Dated: September 19, 2007

**PROSKAUER ROSE LLP**
STEVEN M. BAUER
JONATHAN E. RICH
COLIN G. CABRAL
MELISSA A. GANZ

/s/ Steven M. Bauer
Steven M. Bauer
Attorneys for, OFFICE DEPOT, INC.;
CDW CORPORATION; NEWEGG INC.; CIRCUIT CITY STORES, INC.; PC CONNECTION, INC.; AND COMPUSA INC.

---

[2] 553 F.2d 735 (1st Cir. 1977), *cert denied*, 434 U.S. 860 (1977).

4

# PROOF OF SERVICE

PROOF OF SERVICE

STATE OF MASSACHUSETTS, COUNTY OF SUFFOLK

I declare that: I am employed in the county of Suffolk, Massachusetts. I am over the age of eighteen years and not a party to the within cause; my business address is Proskauer Rose LLP, One International Place, Boston, MA 02110.

On September 19, 2007, I served the forgoing document, described as **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY THIS LITIGATION PENDING RESOLUTION OF SPEEDTRACK, INC. v. WAL-MART STORES, INC., ET AL. (C 06-7336 PJH)** on the interested parties in this action by transmitting via United States District Court for the Northern District of California Electronic Case Filing Program the document(s) listed above by uploading the electronic files for each of the above-listed documents on this date.

/s/ Colin Cabral
Colin Cabral