HENNIGAN, BENNETT & DORMAN LLP
RODERICK G. DORMAN (SBN 96908)
dormanr@hbdlawyers.com
ALAN P. BLOCK (SBN 143783)
blocka@hbdlawyers.com
MARC MORRIS (SBN 183728)
morrism@hbdlawyers.com
KEVIN SHENKMAN (SBN 223315)
shenkmank@hbdlawyers.com
865 South Figueroa Street, Suite 2900
Los Angeles, California 90017
Telephone: (213) 694-1200
Facsimile:  (213) 694-1234

Attorneys for Plaintiff,
SPEEDTRACK, INC.

PROSKAUER ROSE LLP
JONATHAN E. RICH (SBN 187386)
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Telephone: (310) 557-2900
Facsimile: (310) 557-2193
jrich@proskauer.com

PROSKAUER ROSE LLP
STEVEN M. BAUER (Admitted *Pro Hac Vice*)
COLIN G. CABRAL (Admitted *Pro Hac Vice*)
MELISSA A. GANZ (Admitted *Pro Hac Vice*)
One International Place
Boston, MA 02110
Telephone: (617) 526-9600
Facsimile: (617) 526-9899
sbauer@proskauer.com
ccabral@proskauer.com
mganz@proskauer.com

Attorneys for
OFFICE DEPOT, INC.; CDW CORPORATION;
NEWEGG INC.; CIRCUIT CITY STORES, INC.;
PC CONNECTION, INC.; AND COMPUSA INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SPEEDTRACK, INC.,<br><br>                              Plaintiff,<br><br>           vs.<br><br>OFFICE DEPOT, INC.; CDW CORPORATION; NEWEGG.COM; CIRCUIT CITY STORES, INC.; PC CONECTION, INC.; AND COMPUSA, INC.,<br><br>                              Defendants. | Case No. C-07-3602-PJH<br><br>Before:  Hon. Phyllis J. Hamilton<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>DATE:        October 3, 2007<br>TIME:        9:00 a.m.<br><br>Action Filed:  July 12, 2007 |

The parties to the above-entitled action jointly submit this Case Management Statement. The parties have met and sought to reach agreement on the items discussed herein. On the items where agreement was not reached, the parties' respective positions are separately set forth.

**1.     Jurisdiction and Service.**

Plaintiff SpeedTrack, Inc.'s claims arise under the laws of the United States relating to patents (35 U.S.C. §§ 271, 281, 283, 284, and 285). This court has federal jurisdiction of such federal question claims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201. Plaintiff contends that no issues exist regarding personal jurisdiction or venue. No parties remain to be served.

By stipulation, the parties have agreed that Defendants Office Depot, Inc., CDW Corporation, Newegg, Inc., Circuit City Stores, Inc., PC Connection, Inc., and CompUSA Inc. need not file an answer or otherwise move in response to the complaint until fourteen (14) days from this Court's decision on Defendants' Motion to Stay This Litigation Against Endeca Customers Pending Resolution of *SpeedTrack, Inc. v. Wal-Mart Stores, Inc. et al*. (C 06-7336 PJH) (described in Section 4, herein).

**2.     Facts.**

The Factual Basis of Plaintiff's Claims:  Plaintiff contends as follows:

This is a patent infringement case involving U.S. Patent No. 5,544,360 ("the '360 Patent"), entitled "Method for Accessing Computer Files and Data, Using Linked Categories Assigned to Each Data File Record on Entry of the Data File Record." The '360 Patent is owned by plaintiff SpeedTrack, Inc. ("SpeedTrack" or "Plaintiff"). SpeedTrack is a technology company located in California, and it develops and installs enterprise database search and analysis products. SpeedTrack has successfully installed enterprise database search applications at a number of large police departments in the U.S. and Canada.

SpeedTrack contends that each of defendants' online retail websites operate in the manner described and claimed in the '360 Patent. Currently, SpeedTrack alleges that each defendant is directly and indirectly infringing claims 1-7, 11-13, and 20-21 of the '360 Patent via each defendant's online retail website. In addition, SpeedTrack alleges that defendants Office Depot, Newegg, and Circuit City are infringing claim 14 of the '360 Patent.

1    The Factual Basis of Defendants' Defenses to Plaintiff's claims:  Defendants contend as follows:

2         SpeedTrack has not identified, either in the passage above or in any other context, how each

3    limitation of any claim of the patent-in-suit is met by any defendant.  Accordingly, SpeedTrack fails

4    to state any claim upon which relief can be granted.  *See Elkay Mfg. Co. v. Ebco Mfg. Co.*, 192 F.3d

5    973, 980 (Fed. Cir. 1999) (patentee bears the burden of proving that accused technology meets every

6    element of each asserted claim or its equivalent).  No defendant directly or indirectly practices each

7    and every limitation of any asserted claim of the patent-in-suit, either literally or under the doctrine

8    of equivalents.  Therefore, Defendants do not infringe the asserted claims.

9         This action is related to a previously-filed case also pending before this Court – *SpeedTrack,*

10   *Inc. v. Wal-Mart Stores, Inc. et al.*, CV-06-07336 PJH (the "Wal-Mart Action").  The Wal-Mart

11   Action concerns the same patent and, it is presently believed, the same technology at issue in the

12   present case.  Endeca Technologies, Inc. ("Endeca"), a privately-held company based in Cambridge,

13   MA, developed the technology-at-issue and provided it to the six named defendants in this case for

14   use on their retail internet websites.  For this reason, Defendants have moved to stay this action

15   pending resolution of the liability issues between SpeedTrack and Endeca in the Wal-Mart Action.

16   *See infra* Section 4.

17        SpeedTrack does not practice the patent-in-suit in any field occupied by the Defendants.

18   SpeedTrack contends that it has successfully installed its software at "a number of large police

19   departments in the U.S. and Canada."  Upon information and belief, SpeedTrack has made only one

20   sale to a police department within the United States.  SpeedTrack cannot establish that it lacks an

21   adequate remedy at law in this dispute.  Accordingly, SpeedTrack cannot properly demand equitable

22   relief.  *See E-Bay, Inc. v. MercExchange LLC*, 126 S.Ct. 1837 (2006) (requiring patentees seeking

23   injunctions to demonstrate the inadequacy of remedies available at law, such as damages).

24        As will be set forth once SpeedTrack identifies its infringement contentions with

25   particularity, SpeedTrack's allegations require interpretation of the '360 Patent in a manner that

26   renders its claims (1) anticipated by the prior art, (2) obvious to those of ordinary skill in the art at

27   the time of the claimed invention, (3) indefinite, or (4) otherwise invalid.

28

The patent-in-suit issued on August 6, 1996. Nonetheless, SpeedTrack waited over a decade before brining this action, while Defendants developed and established their websites. Under the doctrines of laches and unclean hands, SpeedTrack cannot now properly obtain the relief requested in its Complaint. Moreover, SpeedTrack is not entitled to damages prior to the filing of this litigation because SpeedTrack failed to mark its products with the '360 Patent number.

**3.    Legal Issues.**

1.    Whether the asserted claims of the patents in suit are infringed, either literally or under the doctrine of equivalents, by Defendants.

2.    Whether the asserted claims of the patents in suit are invalid for failing to meet the requirements of 35 U.S.C. § 101.

3.    Whether the asserted claims of the patents in suit are anticipated pursuant to 35 U.S.C. § 102.

4.    Whether the asserted claims of the patents in suit are obvious pursuant to 35 U.S.C. § 103.

5.    Whether the asserted claims of the patents in suit are invalid for failure to meet the requirements of 35 U.S.C. § 112.

6.    Whether SpeedTrack is barred from recovering past damages based on laches.

7.    Whether Defendants' alleged infringement was willful.

8.    Whether SpeedTrack is entitled to enhanced damages pursuant to 35 U.S.C. § 284.

9.    Whether the prevailing party is entitled to recover its reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

10.    Whether SpeedTrack is entitled to a permanent injunction to prevent the Defendants from violating SpeedTrack's adjudicated patent rights pursuant to 35 U.S.C. § 283.

11.    Whether during prosecution of the applications that matured into the asserted patents, statements were made by or on behalf of the named inventors that prevent SpeedTrack from construing the asserted patents to cover the products or services of defendants.

12.    Whether SpeedTrack's claims are barred by the doctrine of unclean hands.

13.    Whether SpeedTrack can properly claim damages prior to the commencement of

1  litigation, due to its (or its predecessor's or their licensees') alleged failure to mark products with

2  notification of the patent-in-suit.  *See* 35 U.S.C. § 287.

3       The parties reserve the right to raise additional issues that may arise through the course of

4  this action.

5       **4.    Motions.**

6  Pending Motions:

7       Defendants have filed a motion to stay this action pending the resolution of the liability

8  issues between SpeedTrack and Endeca in the Wal-Mart Action.  The hearing date for Defendants'

9  motion is set for October 3, 2007, at 9:00 a.m., concurrent with the scheduling conference in this

10  action.

11       SpeedTrack opposes Defendants' motion and requests that the Court consolidate this action

12  with the Wal-Mart Action for discovery and claim construction purposes pursuant to Fed. R. Civ. P.

13  42(a).

14  Plaintiff's Anticipated Motions:

15       Plaintiff may bring a motion for summary judgment on plaintiff's patent infringement claims

16  and/or a motion for summary judgment to defeat one or more of defendants' invalidity defenses.

17  Defendants' Anticipated Motions:

18       Depending on Plaintiff's infringement contentions, which Defendants have not yet received,

19  Defendants anticipate seeking summary judgment of non-infringement, invalidity, and/or

20  unenforceability of the '360 patent.  Defendants may also file one or more motions to limit damages

21  in light of Plaintiff's failure to mark its products with notification of the patent-in-suit under 35

22  U.S.C. § 287, and to foreclose Plaintiff's request for an injunction in light of SpeedTrack's failure to

23  adequately demonstrate that it practices the patent-in-suit in any field occupied by the Defendants

24  and that it does not have an adequate remedy at law in this dispute.  *See  E-Bay, Inc. v.*

25  *MercExchange LLC*, 126 S.Ct. 1837 (2006) (requiring patentees seeking injunctions to demonstrate

26  the inadequacy of remedies available at law, such as damages).

27       **5.    Amendment of Pleadings.**  At this time, the parties do not anticipate adding or

28  dismissing any parties, claims, or defenses.

**6.    Evidence Preservation.**

Plaintiff:  Prior to the filing of this lawsuit, Plaintiff implemented a document retention policy by which evidence relevant to issues reasonably evident in this action (in both electronic and hard copy formats) is retained.

Defendants: There are six independent defendants in this case.  On information and belief, Defendants have taken or will soon take affirmative measures to preserve evidence relevant to the issues reasonably evident in this action by suspending the automatic deletion of documents and electronically-recorded material.

**7.    Disclosures.**

Should the Court deny Defendants' motion to stay, the parties will exchange initial disclosures pursuant to Fed. R. Civ. P. 26 no later than two weeks after Defendants answer or otherwise plead in response to the complaint.

**8.    Discovery.**

At this time, no discovery has been served by either party.

**a.    Discovery Topics, Scheduling, and Changes to Discovery Rules:**

Plaintiff's Position:

At this time, SpeedTrack requires discovery on the following subjects:

- Evidence of each defendant's accused devices and methods for the purpose of proving literal infringement and infringement under the doctrine of equivalents for each asserted claim of the '360 patent and for each defendant, including each defendant's non-infringement contentions;

- Evidence of each defendant's activities with respect to the accused devices and methods for the purpose of proving that each defendant has committed the acts of direct and indirect infringement, including each defendants' contentions that it did not commit acts of infringement;

- Evidence that each defendant's infringement was done willfully, including each defendants' contentions that its infringement was not done willfully;

- Evidence of each defendant's sales volume, sales revenues, and associated costs

relating to sales and/or uses of the accused devices for the purpose of proving plaintiff's damages, including each defendant's damages contentions;

- Evidence rebutting each of defendants' invalidity defenses, including each defendant's invalidity contentions;

- Discovery of the opinions of any expert to be relied upon by any defendant; and

- Any additional discovery that may become necessary as the parties' facts and arguments are developed.

This discovery can be obtained from each defendant's documents, from depositions of each defendant and their employees, from subpoenaed documents and depositions of third parties who use defendants' accused devices and methods, and from subpoenaed documents and depositions of third parties who supplied defendant(s) with an accused device or method.

Plaintiff does not believe that discovery should be conducted in phases or be limited to or focused upon particular issues, except as provided in the N.D. Cal. Patent Local Rules, as conducting discovery in phases will merely serve to cause delay. Wal-Mart and the other defendants in the related Wal-Mart action previously asked the Court to bifurcate damages and willfulness discovery from liability discovery, however, the Court rejected that request and ordered that discovery on all issues go forward. Staying this action or otherwise staying discovery will result in needless duplication and multiplication of these proceedings, especially since all of the defendants herein are represented by Endeca's counsel in the related case and it is anticipated that Endeca will intervene in this case as well. Plaintiff does not currently believe that it is feasible or desirable to bifurcate any issue for trial.

As shown in the chart in Section 17, herein, fact discovery should be completed fifty days after the Court's claim construction ruling.

As discussed above in Section 4 regarding motions, SpeedTrack requests that the Court consolidate this action with the Wal-Mart Action for discovery and claim construction purposes pursuant to Fed. R. Civ. P. 42(a). SpeedTrack requests that, excluding expert depositions, SpeedTrack and all of the defendants in gross in the consolidated action should each be limited to 180 hours of depositions. Each deposition shall not exceed seven hours, except 30(b)(6)

depositions, which shall not exceed fourteen hours. Depositions shall be scheduled so as to afford each party the right to attend. Each deponent shall only be deposed once in relation to this case (i.e., one party cannot notice a deponent whose deposition was previously noticed and taken by another party). Each side (i.e., plaintiff and defendants in gross) shall have the right to promulgate up to 35 interrogatories to each party.

Defendants' Position:

Should the court deny their motion to stay, Defendants intend to seek discovery directed to, among other things: (1) prosecution of the '360 Patent; (2) interpretation of the meaning and scope of the asserted claims of the '360 Patent; (3) the alleged scope of equivalents, if any, of each element of the asserted claims; (4) Plaintiff's contentions regarding how each defendant allegedly infringes each and every asserted claim; (5) Plaintiff's contention regarding the alleged validity of the asserted claims, including the difference (if any) between the limitations of the asserted claims and the prior art; (6) enforcement of the '360 Patent; (7) SpeedTrack's (or its predecessors') technology and products; (8) Plaintiff's evidence, if any, that it or those associated with it by license or assignment, or other permission, marked any product embodying the patent-in-suit with the patent number (or gave any other alleged notice under 35 U.S.C. Section 287); (9) Defendants' affirmative defenses; (10) SpeedTrack's basis for its allegations against Defendants; (11) SpeedTrack's basis for filing this litigation; (12) SpeedTrack's basis for any alleged damages or claims for relief; (13) SpeedTrack's basis for claims of willful infringement; (14) SpeedTrack's claimed ownership of rights in the '360 Patent; (15) SpeedTrack's (or its predecessors') failure to mark products practicing the '360 Patent with notification of that patent; (16) proper inventorship of the disclosure claimed in the '360 Patent; (17) the impropriety of SpeedTrack's proposed method of calculating damages, if damages discovery proceeds; (18) SpeedTrack's efforts to license the patent-in-suit; (19) the alleged level of ordinary skill in the art, and the background and knowledge of the theoretical person of ordinary skill in the relevant art; (20) prior art known to Defendants, the inventors, the prosecuting attorney(s), Speedtrack, its predecessors, or anyone else associated with the prosecution of the application(s) that to the patent-in-suit, and their intent; (21) the complete facts and circumstances of the invention claimed in the patent-in-suit, including the contribution by each asserted inventor; (22)

the first sale, offer for sale, and public use of each product embodying the invention claimed in the

patent-in-suit; (23) Plaintiff's revenues, costs, and profits, associated with any product allegedly

embodying the invention claimed in the patent-in-suit; (24) the opinions of any expert to be relied

upon by Plaintiff; and (25) any additional discovery that may become necessary as the parties' facts

and arguments are developed.

Defendants' motion to stay this litigation (as discussed *supra*) contemplates a stay of all

proceedings related to this case, in an effort to avoid unnecessary and burdensome discovery.

Alternatively, if the Court does not stay this litigation in its entirety, Defendants respectfully request

that the Court limit discovery to liability-related issues and restrict any discovery regarding damages

or any allegedly willful infringement.  The Court should restrict discovery to liability-related issues

before undertaking discovery regarding damages or Defendants' allegedly willful infringement.

Staging discovery in this manner (1) protects against needlessly onerous discovery, and (2) ensures

that Defendants need not prematurely choose between protecting the attorney-client privilege as to

any opinions of counsel or waive such privilege in order to defeat SpeedTrack's claims of willful

infringement.

Defendants propose that each side be given 150 hours of deposition time to be divided

according to need, except that no single deposition by a party may exceed 7 hours or 10 hours for

the 30(b)(6) deposition of a party.  Defendants further propose that interrogatories be limited

according to Rule 33(a) of the Federal Rules of Civil Procedure.

**b.      Issues Relating To Disclosure Or Discovery Of Electronically Stored
Information, Including The Form Or Forms In Which It Should Be Produced.**

Plaintiff's Position on the Production of Electronically Stored Information:

All electronically stored information should be produced in native format in the manner that

it is kept in the ordinary course of business.  This manner of production is the most efficient, least

costly, and preserves all the metadata concerning the document or information that could not be

obtained and would be lost with a TIFF image.  For example, SpeedTrack estimates that it has on

the order of 3 million files in electronic format that it will be producing.  If SpeedTrack is forced to

1  convert each of those files into a TIFF image with an appropriate load file, the cost to SpeedTrack

2  will be enormous (potentially millions of dollars) and will have been totally unnecessary.

3      Defendants seek to burden each party with the requirement of creating separate TIFF images

4  for each page of information and not provide electronic information in native format based upon the

5  argument that authentication problems would thereby arise.  No authentication problems would

6  exist.  Plaintiff will produce the electronic information so that no special software or hardware will

7  be required to view the information on an ordinary personal computer.

8      The parties have agreed to provide one another electronic information on CD-ROM or DVD-

9  ROM, or external hard drive, formats of which are "read only."  Those CD, hard drives, and DVD-

10  ROMs will be archived to assure there is no dispute concerning the exact form and content of the

11  electronic information as it was produced by the producing party.

12  Defendants' Position on the Production of Electronically Stored Information:

13      Defendants propose that the parties will make electronically-stored information, other than

14  source code, available in TIFF image format produced on CDs or DVDs (with searchable text or

15  OCR data, where such data is available and does not present a serious confidentiality issue) which

16  will be transmitted to counsel.  Specifically, these documents will be single-page TIFF images and

17  will be accompanied by an appropriate load file.  In the context of this case, such TIFF images are

18  reasonable useable and the preferable form for production.

19      The parties may, at the producing party's option, produce electronically-stored information

20  in native format, but the default will be production of documents as TIFF images.  Any databases or

21  spreadsheets may be produced in alternate form, such as report or data table in static image format.

22  If additional information is required to properly understand an imaged produced document, the

23  parties will meet and confer to provide the needed information.

24      Defendants believe that the production of data in native form is not necessary to this action

25  and that the issues raised by the production of documents in native form outweigh any benefits that

26  might be achieved.  The production of documents in native form creates a substantial risk of

27  inadvertent disclosure.  Native file production also presents substantial logistical issues.  Counsel for

28  both the producing party and the receiving party will have to load potentially dozens of software

1  system onto their servers in order to review native documents.  Some files will be in formats that are

2  not publicly available or only available at great expense.  For example, Defendants expect that many

3  of Plaintiff's files will be formatted for Apple computers (or MACs), including now-outdated Apple

4  computers.  Defendants' law firm does not have sufficient Apple resources to handle all of this

5  information in native form.  The logistical limitations of producing documents in native formats are

6  further compounded by the inability to properly number or bates stamp documents in native form; to

7  efficiently search for, code, or categorize; or to redact any documents in native form.

8  Defendants further propose that special procedures will apply to the production of source

9  code.  Defendants propose that a mutually acceptable Protective Order shall control the discovery of

10  confidential source code (and other confidential materials) by providing that such source code will

11  be produced for inspection under escrow at Defense Counsel's office, or at another mutually agreed

12  upon location, with controlled access, and with the limitation that only those portions of any source

13  code that reasonably related to and allegedly perform the claimed functions, as reasonably

14  determined by the parties, will be made available for inspection.

15  **c.      Parties' Position On Issues Relating To Claims Of Privilege.**

16  The parties propose handling inadvertently-produced documents under terms specified in the

17  parties' Protective Order, which the parties will propose for entry by the Court.  The parties further

18  agree that privileged and work product materials associated with parties' outside counsel be logged

19  only insofar as they were created before the date that the Complaint was filed.

20  **d.      Parties' Positions On Any Other Orders That Should Be Entered By The Court Under Rule 26(C) Or Under Rule 16(B) And (C).**

21

22  Plaintiff's Position:

23  At the present time, SpeedTrack is not aware of any orders that should be entered by the

24  Court under Rule 26(c) or under Rule 16(b) and (c), other than a protective order under Rule 26(c)

25  regarding the handling of commercially-sensitive discovery materials produced by all parties in this

26  case.  SpeedTrack reserves the right to bring any other matters to the Court's attention should any

27  issues arise as the facts and arguments are developed.  No issue should be bifurcated for discovery.

28  Plaintiff does not currently believe that it is feasible or desirable to bifurcate any issue for trial.

1    <u>Defendants' Position</u>:

2         Defendants concur with Plaintiff that a confidentiality protective order under Rule 26(c) is

3    required.  Defendants believe the case can be either stayed or bifurcated to allow efficient use of

4    judicial resources.

5         **9.    <u>Class Actions.</u>**

6         This is not a class action case.

7         **10.    <u>Related Cases.</u>**

8         This case is related to the Wal-Mart Action currently pending before this Court, *SpeedTrack,*

9    *Inc. v. Wal-Mart Stores, Inc. et al.*, 06-CV-07336-PJH.

10        **11.    <u>Relief</u>.**

11   <u>Plaintiff's Position</u>:

12        Plaintiff SpeedTrack seeks a judgment against all Defendants:

13             (1)    finding that Defendants have directly and indirectly infringed, and

14   continue to infringe the '360 patent;

15             (2)    finding that Defendants' infringement of the '360 patent has been, and

16   continues to be, willful and deliberate;

17             (3)    enjoining Defendants and their respective subsidiaries, officers,

18   agents, servants, employees, licensees, and all other persons or entities acting or

19   attempting to act in active concert or participation with them or acting on their behalf,

20   from further infringement of the '360 Patent;

21             (4)    ordering Defendants to pay to SpeedTrack all damages caused to

22   SpeedTrack by reason of Defendants' infringement pursuant to 35 U.S.C. Section

23   284, including enhanced damages under 35 U.S.C. Section 285;

24             (5)    finding that this case is exceptional under 35 U.S.C. Section 285 and

25   ordering Defendants to pay SpeedTrack's costs, expenses, and reasonable attorney's

26   fees pursuant to 35 U.S.C. Sections 284 and 285;

27             (6)    ordering Defendants to pay to SpeedTrack pre-judgment and post-

28   judgment interest on the damages caused to it by Defendants' infringement; and

1        (7)    For any such other and further relief as the Court may deem just and

2    proper under the circumstances.

3        The amount of damages sought by Plaintiff's claims will be the subject of expert evaluation

4    and testimony based upon discovery that Plaintiff will receive from each defendant.

5        At this time, Plaintiff anticipates that future expert testimony will support damage

6    computations against each defendant well in excess of the jurisdictional limits of this Court as

7    SpeedTrack seeks, from each defendant, a reasonable royalty based on that defendant's gross sales

8    revenues received from all sales made on any infringing online retail website owned or operated by

9    such defendant from July 12, 2001 (or the first date on which each defendant began using the

10   infringing method) to the date of the judgment (to be trebled for willful infringement and with

11   prejudgment interest).

12       Plaintiff SpeedTrack does not intend to seek damages based on lost profits in this case.

13   <u>Defendants' Position:</u>

14       Although Defendants have not interposed any Answer in this case, Defendants currently

15   anticipate seeking the following relief: (1) a declaration that Defendants have not infringed any valid

16   claim of the '360 Patent, (2) a declaration that the patent-in-suit is invalid; and (3) reasonable costs

17   and attorneys' fees arising from SpeedTrack's improper claims of infringement pursuant to 35

18   U.S.C. § 285.  The costs and fees will be ascertainable following a judgment in the Wal-Mart Action

19   or in this case.

20       **12.    ADR.**

21       After discussing the various ADR alternatives, all parties believe that an early settlement

22   conference with a magistrate judge is more likely to meet their needs than the other forms of ADR.

23   The parties to the Wal-Mart Action have already conducted a first ADR conference with Magistrate

24   Judge Spero.  Magistrate Judge Spero has scheduled a second ADR conference with the parties in

25   the Wal-Mart Action for March 10, 2008.  Given the similarities between the Wal-Mart Action and

26   this action the parties believe that all defendants from both actions should be included in the second

27   ADR conference with Magistrate Judge Spero on March 10, 2008.

28       **13.    Magistrate Judge Trials.**

1    The parties do not consent to have a magistrate judge conduct all further proceedings

2    including trial and entry of judgment.

3    **14.    Other References.**

4    The parties do not believe that this case is suitable for reference to binding arbitration, a

5    special master, or the Judicial Panel on Multidistrict Litigation.

6    **15.    Narrowing of Issues.**

7    Plaintiff's Position:

8    Plaintiff cannot, at this time, determine whether there are any dispositive or partially

9    dispositive issues for decision by motion or agreement or by requests to bifurcate issues, claims, or

10   defenses.  Plaintiff does not currently believe that it is feasible or desirable to bifurcate any issues

11   for trial.  Should plaintiff's belief change at a later date as the facts and arguments are developed in

12   this case, plaintiff shall inform the parties and the Court.  The Court should not consider the fact that

13   Endeca must bear the cost of its customers' discovery, as it was Endeca's choice to indemnify its

14   customers for any alleged patent infringement costs and damages.

15   SpeedTrack is not precluded from recovering damages prior to the filing of this lawsuit even

16   if it, or its predecessors, failed to mark products sold with the patent number, because, pursuant to

17   35 U.S.C. § 287(a), defendants cannot show that SpeedTrack, or any of its predecessors, ever sold

18   within the United States a patented article, i.e., an article that would literally infringe any claim of

19   the '360 patent.

20   Defendants' Position:

21   The issues in this case will be greatly simplified, if not rendered moot, by staying this case

22   pending resolution of the liability issues between SpeedTrack and Endeca in the Wal-Mart Action.

23   Should the Court decide not to stay this action, however, bifurcation of the liability and damages

24   issues would be in the best interests of the parties.  The liability and damages issues in this case are

25   separate and distinct.  Endeca has agreed to defend its customers in this suit, and it should not bear

26   the burden of financing a massive discovery effort on the damages issues, involving six of the

27   largest internet retailers in the country, when such efforts will likely be unnecessary after the

28   liability phase of the trial.  Indeed, a trial on the liability issues will either render the damages issues

1   moot, or facilitate settlement between the parties.

2        Defendants further expect to seek a ruling from the Court that SpeedTrack cannot recover

3   damages prior to the filing of this litigation due to SpeedTrack's failure to mark the products it sold

4   under the patent-in-suit. *See* 35 U.S.C. § 287. Defendants currently expect to seek adjudication of

5   any remaining issues – including non-infringement, invalidity, or unenforceability – by dispositive

6   motions.

7        **16.    Expedited Schedule.**

8        The parties do not believe that this is the type of case that can be handled on an expedited

9   basis with streamlined procedures.

10       **17.    Scheduling.**

11  Plaintiff's and Defendants' Proposed Schedules:

12       **Comment on Plaintiff's Proposed Schedule**: Plaintiff's schedule substantially tracks the

13  schedule already set forth by the Court for the Wal-Mart Action, but adds 60 days to most dates to

14  facilitate consolidation of these cases.

15       If this action is consolidated with the Wal-Mart action, no defendant will be deprived of a

16  full and fair opportunity to defend itself, even if the schedule set forth in the Patent Local Rules is

17  slightly modified in this action to allow for consolidation with the related case. The Patent Local

18  Rules specifically provide that: "[t]he Court may accelerate, extend, eliminate, or modify the

19  obligations or deadlines set forth in these Patent Local Rules based on the circumstances of any

20  particular case, including without limitation, the complexity of the case or the number of patents,

21  claims, products, or parties involved." (N.D. Cal. Patent L.R. 1-2). Pursuant to the circumstances of

22  this action, where another related action involving the same patent, the same underlying technology,

23  and the same attorneys (Proskauer Rose represents all of the defendants and Endeca in both actions)

24  has already commenced, following the Patent Local Rules will only serve to delay the resolution of

25  this action and waste judicial resources.

26       If this action is consolidated with the Wal-Mart action, this action can catch up to the Wal-

27  Mart action by the end of November and both cases can move forward on the same schedule

28  thereafter. According to the schedule proposed by SpeedTrack, SpeedTrack will serve all of the

defendants with infringement contentions pursuant to Patent Local Rule 3-1 within 10 calendar days following the Court's ruling on the motion to stay. Proskauer, who represents all defendants in this action, has already served invalidity contentions on SpeedTrack in the Wal-Mart action and even Proskauer has conceded that its invalidity contentions will likely not change merely because new defendants have been sued. Thus, Proskauer will not require 45 days to serve invalidity contentions, as provided by Patent Local 3-3. Instead, SpeedTrack proposes that defendants in this action serve their invalidity contentions eighteen (18) days after SpeedTrack serves its infringement contentions.

SpeedTrack's proposed schedule also provides the parties in both actions with sufficient time to prepare the Joint Claim Construction Statement. Proskauer, on behalf of Wal-Mart has already exchanged proposed claim terms and constructions with SpeedTrack and the parties to the Wal-Mart action will be filing the Joint Claim Construction Statement by October 1. SpeedTrack proposes that the date to file the Joint Claim Construction Statement be extended for all parties in both cases to December 5, 2007. Given that Proskauer represents all parties in both actions and given that Proskauer will have already prepared and filed a Joint Claim Construction Statement on behalf of Wal-Mart by October 1, none of the defendants in this action would be prejudiced if Proskauer is given two months of additional time to prepare the Joint Claim Construction Statement.

Discovery in neither case will be delayed or unfairly expedited by consolidation under SpeedTrack's proposed schedule. Wal-Mart has already served discovery requests on SpeedTrack and SpeedTrack will, in the next week, be producing the bulk of its documents to Proskauer, meaning that all of the defendants in both cases will soon be in possession of SpeedTrack's documents. No party has taken any depositions yet, and thus all depositions can be attended by all parties in both cases and any deposition taken by Proskauer can be taken on behalf of all of the defendants. SpeedTrack's proposed schedule, by extending dates, gives the parties additional time to complete SpeedTrack's anticipated discovery of Wal-Mart, Endeca, and the defendants in this action.

**Comment on Defendants' Proposed Schedule**: Defendants have moved the Court to stay this action, including all fact discovery and expert discovery, pending resolution of the liability issues in the Wal-Mart Action. Defendants disagree with Plaintiff's attempt to consolidate the cases

and to merely add 60 days to "most," but not all of the scheduled dates in the Wal-Mart Action. This case is over *seven* months behind the schedule set by this Court in the Wal-Mart Action. Moreover, these are six independent defendants, and each may have its own unique defenses and/or sales and accounting methodologies.

If this Court decides to deny the stay, Defendants request that the schedule proceed according to the Patent Local Rules. There is no good reason to expedite this case against six new defendants and require them to catch up with an earlier-filed case. SpeedTrack has yet to provide infringement contentions, and these Defendants should have a full and fair opportunity to respond once SpeedTrack does. Defendants further request that discovery and trial on the liability issues occur prior to discovery and trial on the damages issues.

In the chart below, the Defendants simply use the time guidelines of this District's Patent Local Rules.

| Event | Plaintiff's Proposed Date | Defendants' Proposed Date |
|---|---|---|
| Rule 26(a)(1) Disclosures | October 17, 2007 | 28 days from this Court's decision on Defendants' Motion to Stay This Litigation Against Endeca Customers Pending Resolution of *SpeedTrack, Inc. v. Wal-Mart Stores, Inc. et al.* (C 06-7336 PJH) |
| Defendants' File Answer or Otherwise Move in Response to Complaint | Fourteen (14) days from this Court's decision on Defendants' Motion to Stay This Litigation Against Endeca Customers Pending Resolution of *SpeedTrack, Inc. v. Wal-Mart Stores, Inc. et al.* (C 06-7336 PJH) | 14 days from this Court's decision on Defendants' Motion to Stay This Litigation Against Endeca Customers Pending Resolution of *SpeedTrack, Inc. v. Wal-Mart Stores, Inc. et al.* (C 06-7336 PJH) |
| Patent Local Rule 3-1 Disclosures and Rule 3-2 Documents Due | Fourteen (14) days from this Court's decision on Defendants' Motion to Stay This Litigation Against Endeca Customers Pending Resolution of *SpeedTrack, Inc. v. Wal-Mart Stores, Inc. et al.* (C 06-7336 PJH) | 10 days from this Court's decision on Defendants' Motion to Stay This Litigation Against Endeca Customers Pending Resolution of *SpeedTrack, Inc. v. Wal-Mart Stores, Inc. et al.* (C 06-7336 PJH) |

| Event | Plaintiff's Proposed Date | Defendants' Proposed Date |
|---|---|---|
| Patent Local Rule 3-3 Disclosures and Rule 3-4 Documents Due | Twenty-Eight (28) days from this Court's decision on Defendants' Motion to Stay This Litigation Against Endeca Customers Pending Resolution of *SpeedTrack, Inc. v. Wal-Mart Stores, Inc. et al.* (C 06-7336 PJH) | 45 days after service of Plaintiff's preliminary infringement contentions |
| Rule 4-1 Exchange of Proposed Claim Terms for Construction | October 15, 2007 | 10 days after service of Defendants' preliminary invalidity contentions |
| Rule 4-2 Exchange of Preliminary Claim Constructions and Extrinsic Evidence | November 5, 2007 | 20 days after exchange of proposed claim terms for construction |
| Rule 4-3 Joint Claim Construction and Prehearing Statement Due | December 5, 2007 | 60 days after service of Defendants' preliminary invalidity contentions |
| Claim Construction Discovery Cut-Off | January 4, 2008 | 30 days after service and filing of the Joint Claim Construction Statement |
| Rule 4-5(a) Opening Claim Construction Brief Due | January 24, 2008 or six weeks prior to hearing date set by court | 45 days after service and filing of the Joint Claim Construction Statement |
| Rule 4-5(b) Responsive Claim Construction Briefs Due | Two weeks after opening claim construction brief is served | 14 days after service of opening claim construction brief |
| Rule 4-5(c) Reply Claim Construction Brief Due | Seven business days after defendants serve their opposition briefs | 7 days after service of responsive claim construction brief |
| Tutorial on Patent | March 21, 2008, or 2-4 weeks prior to hearing date set by court | 2 weeks after submission of the reply claim construction brief, or at the Court's convenience |
| Claim Construction Hearing (Rule 4-6) | April 9, 2008, or date set by court | 4 weeks after submission of the reply claim construction brief, or at the Court's convenience |
| Discovery Cut-Off (except for willfulness discovery) | 50 days after the Court issues its Claim Construction Order | 50 days after service by the Court of its ruling on claim construction |

**JOINT CASE MANAGEMENT STATEMENT**

| Event | Plaintiff's Proposed Date | Defendants' Proposed Date |
|---|---|---|
| Rule 3-8 Deadline for Defendants to Make Privilege Waiver Election | 50 days after the Court issues its Claim Construction Order | 50 days after service by the Court of its ruling on claim construction |
| Willfulness Discovery Cut-Off | 21 days after date by which defendants produce attorney opinions pursuant to Patent Local Rule 3-8 | 21 days after the date by which defendants produce attorney opinions pursuant to Patent Local Rule 3-8 |
| Deadline for Expert Reports for Issues on which the Parties Bear the Burden | 21 days after the fact discovery cut-off | 21 days after the cut-off for invalidity and infringement discovery |
| Deadline for Rebuttal Expert Reports | 21 days after initial expert reports are exchanged | 21 days after initial expert reports are exchanged |
| Expert Discovery Cut-Off | 28 days after rebuttal expert reports are exchanged | 28 days after rebuttal expert reports are exchanged |
| Deadline for Filing Dispositive Motions | 120 days after the Court issues its Claim Construction Order | 120 days after service by the Court of its ruling on claim construction |
| Deadline for Hearing Dispositive Motions | 155 days after the Court issues its Claim Construction Order | 155 days after service by the Court of its ruling on claim construction |
| Pre-trial Conference | February 16, 2009 (or other date, as set by the Court) | June 2009 or at the convenience of the Court |
| Trial | March 16, 2009 (or 120 days after last day to hear motions for summary judgment) | July 2009 or at the convenience of the Court |

## 18.   Trial.

Plaintiff's Position:

This case will be tried to a jury.  Plaintiff believes that this case can be tried in ten trial days, with the trial time being divided equally between Plaintiff and the Defendants.  Plaintiff does not currently believe that it is feasible or desirable to bifurcate any issues for trial.

Defendants' Position:

Defendants propose trying the issue of invalidity before proceeding to trial on the liability issues (if necessary).  Any trial regarding damages and willfulness should occur last.

Defendants believe this case can be tried in ten trial days.

1    **19.    <u>Disclosure of Interested Parties.</u>**

2    Plaintiff filed a Disclosure of Interested Parties pursuant to Civil Local Rule 3-16 when it

3    filed its Complaint on July 12, 2007.

4    Defendants filed their disclosures of non-party interested entities or persons on August 27,

5    2007.

6

7    DATED:  September 26, 2007                    HENNIGAN BENNETT & DORMAN LLP
                                                   Roderick G. Dorman
8                                                  Alan P. Block
                                                   Marc Morris
9                                                  Kevin Shenkman

10

11

12                                                 By _____*/s/ Alan P. Block*_____
                                                          Alan P. Block

13
                                                   Attorneys for Plaintiff,
14                                                 SPEEDTRACK, INC.

15   DATED:  September 26, 2007                    PROSKAUER ROSE LLP
                                                   Jonathan E. Rich
16                                                 Steven M. Bauer
                                                   Colin G. Cabral
17                                                 Melissa A. Ganz

18

19

20                                                 By _____*/s/ Colin G. Cabral*_____
                                                          Colin G. Cabral

21
                                                   Attorneys for Defendants
22                                                 OFFICE DEPOT, INC.; CDW CORPORATION;
                                                   NEWEGG.COM; CIRCUIT CITY STORES, INC.;
23                                                 PC CONNECTION, INC.; and COMPUSA, INC.

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DECLARATION PURSUANT TO**

**GENERAL ORDER NO. 45, XB – ELECTRONIC CASE FILING**


The undersigned hereby attests that he/she has obtained the concurrence in the filing of this document from each signatory whose ECF User ID and Password is not utilized in the electronic filing of this document.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 26, 2007 at Los Angeles, California.


_____/s/ Alan P. Block_____

1

**PROOF OF SERVICE**

2

3  STATE OF CALIFORNIA,                )
                                        )  SS.
4  COUNTY OF LOS ANGELES           )

5        I am employed in the County of Los Angeles, State of California.  I am over the age of 18

6  years and not a party to the within action; my business address is 865 South Figueroa Street, Suite
   2900, Los Angeles, California  90017.

7        On September 26, 2007, I served the foregoing document described as **JOINT CASE**

8  **MANAGEMENT STATEMENT** on the interested parties in this action by placing the true
   copy(ies) thereof enclosed in sealed envelopes addressed as follows:

9

10                              **PLEASE SEE ATTACHED LIST**

11

12       I caused such envelope(s) with postage thereon fully prepaid to be placed in the United

13  States mail at Los Angeles, California.  I am readily familiar with the firm's practice of collection
    and processing correspondence for mailing.  Under that practice it would be deposited with U.S.

14  postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the
    ordinary course of business.  I am aware that on motion of the party served, service is presumed

15  invalid if postal cancellation date or postage meter date is more than one day after date of deposit for
    mailing in affidavit.

16       I declare that I am employed in the office of a member of this bar of this court at whose

17  direction the service was made.

18       Executed on September 26, 2007 at Los Angeles, California.

19

20                                        _____
                                                    /s/ *Carol S. Yuson*
21                                                  Carol S. Yuson

22

23

24

25

26

27

28

1

## LIST

| Jonathan E. Rich, Esq.<br>PROSKAUER ROSE LLP<br>2049 Century Park East, Suite 3200<br>Los Angeles, CA 90067-3206<br>Tel: (310) 557-2900<br>Fax: (310) 557-2193<br>Email: jrich@proskauer.com | Attorneys for:<br><br>OFFICE DEPOT, INC.; CDW CORPORATION; NEWEGG INC.; CIRCUIT CITY STORES, INC.; PC CONNECTION, INC.; and COMPUSA INC. |
|---|---|
| Steven M. Bauer, Esq.<br>Colin G. Cabral, Esq.<br>Melissa A. Ganz, Esq.<br>PROSKAUER ROSE LLP<br>One International Place<br>22nd Floor<br>Tel: (617) 526-9600<br>Fax: (617) 526-9899<br>Emails: sbauer@proskauer.com<br>    ccabral@proskauer.com<br>    mganz@proskauer.com | Attorneys for:<br><br>OFFICE DEPOT, INC.; CDW CORPORATION; NEWEGG INC.; CIRCUIT CITY STORES, INC.; PC CONNECTION, INC.; and COMPUSA INC. |

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JOINT CASE MANAGEMENT STATEMENT**